**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| ***v.*** | : | |
| | : | **Crim. No. ELH-19-0437** |
| **LAKEANA SEWELL,** | : | |
| | : | |
| ***Defendant.*** | : | |

**MOTION TO DISMISS INDICTMENT FOR VIOLATION OF SPEEDY TRIAL ACT AND RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE TIME**

Defendant Lakeana Sewell ("Sewell"), by and through undersigned counsel, and pursuant to the Sixth Amendment and 18 U.S.C. § 3161 *et seq.* hereby moves this Honorable Court to reconsider granting the government's motion to exclude time and to dismiss the indictment for a violation of the Speedy Trial Act and Sixth Amendment Right to Speedy Trial. In support of this Motion, Ms. Sewell states as follows:

1. The government charged Mr. Sewell by Indictment on September 11, 2019. She was arrested federally and had her initial appearance on December 5, 2019.

2. On November 25, 2019, the government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act as to co-defendant Ronald Brown only. The Court granted the government's Motion to Exclude Time Pursuant to the Speedy Trial Act as to defendant Ronald Brown.

3. On March 9, 2020, after the Speedy Trial had already ticked past 70 days the government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act, back dating

from January 25, 2020 until April 30, 2020. Counsel for Defendant Ronald Brown consented to the government's motion to exclude time. Defendant Lakeana Sewell did **not** consent to the government's motion. In their motion the government failed to notify the Court that as to Ms. Sewell, as of the date of filing their motion that they were past the 70-day limitation under the Speedy Trial Act. Instead they rely upon United States v. Ford, 288 Fed. Appx. 54 (4th Cir. 2008): "Specifically, delays resulting from plea negotiations, and pretrial motions, from the time of their filing through their disposition, are excludible, 18 U.S.C. § 3161 (h)(1)(F)." Somewhat confusing is that the cited section 3161 (h)(1)(F) is the exception for delay caused by transportation of a defendant. Section 3161 (h)(1)(D) is the section for delay caused by defense filing of motions and there is no specific language for delay caused by plea negotiations in any of the exceptions. Regardless the government failed to move to Exclude Time prior to the running of the Speedy Trial clock.

4. The government had full knowledge of this case well before seeking a federal indictment. The government knew the defendant was initially arrested on May 31, 2019 in Anne Arundel County on the identical charges that are now pending federally. The government knew that she was appointed counsel through the state public defender's office and her counsel on July 8, 2019 filed a motion for Speedy Trial. The government knew that her trial was set for October 17, 2019 a date within the state mandated 180 days from her appearance in the Circuit Court. The government knew that on September 20, 2019 the state entered a *Nolle Prosequi* as to all charges in favor of federal prosecution. (September 20 released AA and transferred to BC detained until Nov. 19, 2019 released and self-surrendered Dec. 4, 2019.) Knowing all this they still failed to bring Ms. Sewell to trial within the mandated 70 days.

5. Title 18 U.S.C. 3161(c)(1) states that

> In any case in which a plea of not guilty is entered, *the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment*, or *from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs*. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. 3161(c)(1) (emphasis added).

6. In this case, Ms. Sewell had her initial appearance on December 5, 2019 and the indictment was filed on September 11, 2019. No motions have been filed and or are pending in this case by either defendant and the government has not moved to exclude time under the Speedy Trial Act as to Ms. Sewell, within 70 days of her initial appearance. Under 18 U.S.C. 3161(c)(1), Ms. Sewell had to be tried within seventy days of December 5, 2019, excluding time from filing request for Preplea Criminal History until completion. Time is computed as follows:

| | |
|---|---|
| December 6-28, 2019 | 22 days (excluded Preplea Criminal History) |
| Dec. 29-January 31, 2020 | 34 days |
| February 1- March 9, 2020 | 38 days |
| **Total days** | **72 days** |

As of March 9, 2020, the date of government's motion, 72 days have run from the date of Ms. Sewell's initial appearance and the government has violated the Speedy Trial Act by its failure to try Ms. Sewell. Ms. Sewell has been prejudiced by the delay because she has been incarcerated

without a speedy trial. Further, that the reasons now set out by the government in their late filing to Exclude Time Under the Speedy Trial Act are not justified.

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Ms. Sewell respectfully requests that this Motion be **GRANTED** and the pending indictment be dismissed with prejudice.

Dated: March 16, 2020

Respectfully submitted,

William B. Purpura

By:
________/s/________________________________

William B. Purpura
Purpura & Purpura
8 E. Mulberry Street
Baltimore, Md 21202
Fed Bar # 00074

*Counsel for Lakeana Sewell*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of March 2020 I caused a true and correct copy of the foregoing Defendant's Motion to Dismiss for Violation of Speedy Trial Act to be delivered via Electronic Case Filing to the Parties in this case.

/s/
________________________________
William B. Purpura